# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>ISAAC JOHNSON,<br><br>    Defendant. | 8:19CR87<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 55, issued by Magistrate Judge Susan M. Bazis. The Magistrate Judge recommended that the Motion to Suppress filed by Defendant Isaac Johnson, ECF No. 39, be denied. Johnson filed an Objection to the F&R, ECF No. 56, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government responded to the Objection, ECF No. 57. For the reasons set forth below, the F&R will be adopted, and the Motion to Suppress will be denied.

## BACKGROUND

Johnson is charged with conspiracy to distribute cocaine. Indictment, ECF No. 1. Johnson moves to suppress evidence obtained from the warrantless search of his motor vehicle on February 17, 2019. Johnson does not object to the Magistrate Judge's factual findings. Having reviewed the record, the Court adopts those findings and provides the following by way of summary:

In October 2017, officers associated with the Federal Bureau of Investigation and other law enforcement agencies began investigating Johnson's co-defendant, Anthony Moore, based on evidence that Moore operated a cocaine trafficking organization. As

the investigation progressed, officers broadened their scope to discover Moore's supplier. In November 2018, investigators obtained a wiretap and heard Moore indicate that one of his suppliers was named "Ike."

Using the wiretap and other surveillance techniques, officers discovered that "Ike" was Johnson. Johnson resided in Houston, Texas, and rented a Nissan Altima to make trips to Moore's residence in Omaha. Based on evidence and experience, officers believed that each time Johnson drove from Houston to Omaha, he would deliver cocaine to Johnson's residence.

On February 15, 2019, law enforcement intercepted a call between Johnson and Moore indicating that Johnson would deliver cocaine to Omaha on February 17, 2019. Based on information from intercepted calls and other evidence, law enforcement obtained a search warrant for Moore's home. The warrant did not authorize a search of Johnson's vehicle. On February 17, surveillance teams surrounded Moore's residence. Surveillance teams also tracked Johnson's vehicle as it traveled from Houston to Omaha. Johnson arrived at Moore's residence at approximately 3:00 p.m.

When Johnson arrived, a SWAT team parked behind his vehicle and secured Johnson. Law enforcement asserted that Johnson was detained but he was not under arrest. At some point after Johnson was detained, law enforcement searched his vehicle. Law enforcement found approximately twelve ounces of cocaine in a natural void in the driver's door panel.

The Magistrate Judge concluded that law enforcement had probable cause to search Johnson's vehicle. Johnson objects to the Magistrate Judge's conclusion,

arguing that there were no exigent circumstances to justify a search of his vehicle without a warrant.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a), the Court shall make a *de novo* review of the portions of the Magistrate's Findings and Recommendation to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Among the exceptions to the warrant requirement is the "automobile exception," which "authorizes officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." *United States v. Hill*, 386 F.3d 855, 858 (8th Cir. 2004).

One of the original justifications for the automobile exception was that it was "not practicable to secure a warrant because the [automobile] can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *California v. Carney*, 471 U.S. 386, 390 (1985) (quoting *Carroll v. United States*, 267 U.S. 132 (1925)).

However, "the justification to conduct such a warrantless search does not vanish once the car has been immobilized." *Michigan v. Thomas*, 458 U.S. 259, 261 (1982); *see also United States v. Perry*, 925 F.2d 1077, 1080 n.4 (8th Cir. 1991) ("It is the characteristic mobility of all automobiles, not the relative mobility of the car in the given case that . . . allows for warrantless searches when probable cause exists."). Further, "less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office." *S. Dakota v. Opperman*, 428 U.S. 364, 367 (1976). Thus, even if an automobile is not "immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle [justifies the] application of the [automobile exception]." *Carney*, 471 U.S. at 391.

Johnson concedes that law enforcement had probable cause to believe his vehicle contained evidence of criminal activity. Nevertheless, Johnson argues that the automobile exception does not apply because the vehicle was immobile and there were no exigent circumstances to search the vehicle. Specifically, Johnson asserts that law enforcement officers could have easily obtained a warrant because they had advance notice of Johnson's arrival in Omaha. However, the Supreme Court has specifically held that "the 'automobile exception' has no separate exigency requirement." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). The Court explained that "a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained*." *Id*. (quoting *United States v. Ross*, 456 U.S. 798, 809 (1982)). Even if law enforcement could have obtained a warrant, Johnson had a lesser expectation of privacy in his vehicle. Further, law enforcement had probable

4

cause to believe the vehicle contained evidence of criminal activity.  Regardless of the exigency of the circumstances, the automobile exception was applicable and the officers were not precluded from searching the vehicle without a warrant.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 55, are adopted in their entirety:

2. The Motion to Suppress filed by Defendant Isaac Johnson, ECF No. 39, is denied;

3. The Objection to the F&R, ECF No. 56, is overruled; and

4. The Clerk of Court is directed to terminate the Government's response, ECF No. 57

Dated this 20th day of September, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge