IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>ISAAC JOHNSON,<br><br>        Defendant. | 8:19CR87<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the government's Notice of Information of Prior Conviction under 21 U.S.C. § 851 (the "Information"). Defendant Isaac Johnson filed a brief in response to the Information. Filing No. 140 at 1. Under 21 U.S.C § 851(a), the Government must alert the court and the defendant if it plans to use the defendant's prior conviction for an increased punishment. Under § 851(b), a defendant can deny the allegation of the information or claim the conviction alleged is invalid, then file a written response to that information. The Government contends that Johnson's prior conviction is a predicate offense, thus meriting a sentence enhancement under the Controlled Substances Act. Filing No. 140 at 1. Johnson argues that his prior conviction is too broad to be a predicate offense. Filing No. 141 at 1.

## BACKGROUND

The State of Texas convicted Isaac Johnson for Manufacture or Delivery of a Substance in Penalty Group 1 in October of 2007. Filing No. 140 at 1. In Johnson's case, the State of Texas proved that he "knowingly manufacture[d], deliver[ed], or possesse[d] with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code 481.112(a). As a result of his conviction, Johnson served over twelve

months in jail before being released. Filing No. 140 at 1. Johnson concedes this prior conviction. *Id.*

In March of 2019, a federal grand jury charged Johnson with conspiracy "to possess with intent to distribute 500 grams or more of a mixture or substance," in violation of the Controlled Substances Act (CSA), 21 U.S.C. §§ 841(a), 846. Additionally, in August of 2019 the grand jury returned a Superseding Indictment that alleged Johnson committed the offense with a prior "serious drug felony" under 21 U.S.C. § 851. Filing No. 58 at 1.

Prior to trial, the Government filed the Information to alert the Court and Johnson of its intent to rely on Johnson's previous conviction. Filing No. 140 at 1. Johnson filed a brief in response to § 851 information under 21 U.S.C. § 851(c). Filing No. 141 at 1. Johnson disputes whether his 2007 conviction qualifies as a "serious drug felony" within the meaning of the CSA. *Id.* The Court must decide whether Johnson's previous conviction is a "serious drug felony" under the CSA.

## DISCUSSION

A person may face a sentence enhancement under the CSA if they have a prior conviction and the government follows the statutorily required notice procedure. *See* 21 U.S.C § 851. Whether Johnson's prior Texas conviction qualifies as a predicate offense does not impact his trial for allegedly violating § 841(a) of the CSA. The CSA inherently limits the scope of this inquiry to Johnson's prior conviction because the disposition of this motion only applies to Johnson's potential sentencing. *See* § 851.

If a person violates § 841(a) of the CSA after a "prior conviction for a serious drug felony. . .such person shall be sentenced to a term of imprisonment no less than 15 years

2

and not more than life imprisonment . . ..″ 21 U.S.C. § 841(b)(1)(A). The CSA defines "serious drug felony" as "an offense described in section 924(e)(2) of Title 18" for which the offender served more than 12 months imprisonment and the offender's release occurred less than 15 years prior to the instant offense. § 802(57). The Armed Career Criminal Act (ACCA), which the CSA incorporates in its "serious drug felony" definition, defines "serious drug offense" as

> an offense under the Controlled Substances Act . . .; or an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

A person violates Texas Health & Safety Code § 481.112 if they "knowingly manufacture, deliver, or possess with intent to deliver a controlled substance." Tex. Health & Safety Code § 481.112(a) (2009). Violating section (a) is a state jail felony if "the amount of the controlled substance" is less than one gram. § 481.112(b). Delivery, within the Texas statute, means actual or constructive transfer, as well as "offering to sell" a substance. § 481.002(8). Johnson argues that the Texas statute is too broad to be a "serious drug felony" because the definition of delivery includes the offer to sell drugs, which is not an element in the "serious drug felony" definition. Filing No. 140 at 2.

When determining whether a prior conviction qualifies as a predicate offense, the court applies a categorical approach to compare the statutory definition of a "serious drug offense" to the prior conviction. *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019). The categorical approach focuses "solely on whether the elements of the crime

of conviction sufficiently match the conduct of a serious drug offense." *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020) (citing *Shular v. United States*, 140 S. Ct. 779, 782 (2020)). Under the CSA, a "serious drug offense" incorporated the ACCA definition for "serious drug felony." *United States v. Oliver*, 987 F.3d 794, 806 (8th Cir. 2021); 21 U.S.C § 802(57). If the prior conviction covers a broader range of conduct than the "serious drug offense" definition under the ACCA, then the prior conviction cannot be predicate offense. *Vanoy*, 957 F.3d at 867.

The Eighth Circuit previously held that Texas Health & Safety Code § 481.112 qualifies as a "serious drug offense" under the ACCA. *United States v. Block*, 935 F.3d 655, 656 (8th Cir. 2019). In *Block*, the defendant argued that § 481.112 could not be a predicate offense because "it criminalizes a mere offer to sell drugs." *Id.* The Eighth Circuit summarily denied the argument by referring to its previous decision in *United States v. Bynum*—which held the offer to sell drugs under a Minnesota statute is still a predicate offense. *Id.*; *see also United States v. Bynum*, 669 F.3d 880, 887 (8th Cir. 2012) (relying on the expansive language in the statute, such as "involving . . .distributing, or possessing").

The Fifth Circuit reached the same conclusion when addressing whether § 481.112 qualifies as an ACCA predicate offense. *See, e.g., United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008). The Firth Circuit has reasoned that the ACCA "serious drug offense" definition includes the word "involving," which means "related to or connect with." *United States v. Winbush*, 407 F.3d 703, 707 (5th Cir. 2005); *see also United States v. King*, 325 F.3d 110, 113-14 (2d Cir. 2003). Because the term "involving" suggests an expansive definition, courts should interpret a "serious drug offense" as anything that

4

relates to entering the drug marketplace as a seller. *Vickers*, 540 F.3d at 356. The Fifth Circuit specifically held that § 481.112 was a "serious drug offense" under the ACCA because § 481.112 criminalized conduct "'related to or connected with' the distributing of drugs." *Id.* (citing *Winbush*, 407 F.3d at 707).

Following binding precedent of *Block* and *Bynum* and the reasoning in *Vickers*, the Court concludes that § 481.112 constitutes a "serious drug offense" under the CSA and Johnson's prior conviction is a predicate offense under the CSA. The State of Texas proved beyond a reasonable doubt that Johnson engaged in "knowingly manufacturing, delivering, or possessing with intent to deliver a controlled substance." Filing No. 140 at 2 (citing Tex. Health & Safety Code § 481.112(a)). The Eighth Circuit held that same conduct was an ACCA predicate offense. *Bynum*, 669 F.3d at 886 ("Knowingly offering to sell drugs is sufficiently 'related to or connected with' drug distribution within the meaning of ACCA"); *accord Block*, 935 F.3d at 656. Even without the *Bynum* Court's reliance on *Vickers*, the Eight Circuit's holding in *Block* is controlling because it addresses the same statute as Johnson's conviction. *Block*, 935 F.3d at 656. Johnson's prior conviction under § 481.112 is a predicate offense under the CSA, therefore Johnson will be subject to a sentence enhancement upon his potential conviction for violating the CSA.

<u>Johnson's Misplaced Reliance on *Hinkle*</u>

Johnson contends that the Texas conviction cannot be a predicate offense under the CSA because the Texas conviction criminalizes more conduct than the CSA's "serious drug felony" definition. *Id.* at 3. Johnson relies on a Fifth Circuit case, *United States v. Hinkle*, that concluded the "delivery" element of § 481.112(a) criminalized conduct broader than the Sentencing Guidelines "controlled substances offense" definition. 832

5

F.3d 569, 576 (5th Cir. 2016). In *Hinkle*, Fifth Circuit held that § 481.112 was not a divisible statute, 832 F.3d at 571, and therefore a prior conviction under the statute could not be a predicate offense for the sentencing guidelines. *See* id. at 576 ("This 'mismatch of elements' means that Hinkle's conviction . . . is not a controlled substances offense under the Guidelines."). In *Hinkle*, the government acknowledged that § 481.112(a) would not fall within the definition of a "controlled substance offense," unless it was divisible. *Id.* at 572.

Johnson asks the Court to adopt the reasoning in *Hinkle* and conclude that the definition of "delivery" meant the statute was too broad for a sentence enhancement under the Sentencing Guidelines. Filing No. 140 at 3-4. But Johnson's reliance on *Hinkle* is misplaced because *Hinkle* cannot apply to the present controversy about the CSA. The difference between *Hinkle* and the ACCA cases (*Vickers* and *Block*) is the difference in the statutory generic provisions. The Court in *Hinkle* reviewed the Sentencing Guidelines definition for a "controlled substance offense," which is an offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. SENT'G GUIDELINES MANUAL § 4B1.2(b) (U.S. SENT'G COMM'N 2005)). In contrast, the courts in *Vickers*, *Bynum*, and *Block* concluded that unlike the restrictive language of the Sentencing Guidelines, the ACCA uses expansive language that includes more conduct that just the plain meaning of each element. *See* Bynum, 669 F.3d at 886 (quoting Vickers, 540 F.3d at 365) (contrasting the ACCA's expansive use of "involving" to the constricted use in the CSA that includes "those acts as an element of the offense").

Moreover, as noted above, the Eighth Circuit has considered and rejected arguments identical to Johnson's argument in this case. *See Block*, 935 F.3d at 656 (conviction under § 481.112(a) is a "serious drug offense under ACCA's 'expansive' definition because it is 'related to or connected with drug manufacture, distribution, or possession.'") (quoting *Bynum*, 669 F.3d at 887). Johnson's interpretation of the reasoning in *Hinkle* conflicts with binding Eighth Circuit precedent. Accordingly, the Court concludes that Johnson's prior conviction under § 481.112 is a "serious drug offense" and Johnson is subject to the sentencing enhancement if convicted.

IT IS SO ORDERED.

Dated this 1st day of November, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge