IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>ISAAC JOHNSON,<br><br>                    Defendant. | **8:19CR87**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of defendant's motion to vacate under 28 U.S.C. § 2255.  Filing No. 234.  The Court concludes Johnson's claims are timely, cognizable under § 2255, and it is not plain that Johnson "is entitled to no relief" on a subset of his claims alleging errors by trial counsel that led to an erroneous application of a sentencing enhancement.  Therefore, Claim I of his petition survives initial review.  Claim II and Claim III are summarily denied.

## BACKGROUND

Johnson was convicted by a jury of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and sentenced to 120 months in prison.  At sentencing, based on facts found by the jury, the Court applied a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)[1] because Johnson's prior drug conviction under Texas state law ("the Texas Conviction") qualified as a "serious drug felony."  Filing No. 199 (sentence); Filing No. 182 (special verdict form).  The Eighth Circuit affirmed, holding, in part, that Johnson waived an argument that the Texas Conviction was not a "serious

---

[1] Providing a person convicted of federal controlled substance offenses "after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."

drug offense" under federal law. *United States v. Johnson*, 70 F.4th 1115, 1122 (8th Cir. 2023). Judge Smith dissented, believing the application of sentencing enhancement was plainly erroneous and could be reviewed notwithstanding Johnson's waiver. *Id.* at 1124–25 (Smith J., dissenting in part) Johnson moved for collateral relief based on ineffective assistance of counsel on November 12, 2024. Filing No. 234.

Johnson asserts his trial counsel was ineffective in three ways. First, trial counsel failed to identify Eighth Circuit case law holding state laws criminalizing "positional isomers" of cocaine are categorically broader than the federal definition of cocaine and cannot qualify as "serious drug" felonies,[2] resulting in the misclassification of the Texas Conviction and an erroneous application of a 21 U.S.C. § 841(b)(1)(B) sentencing enhancement (Claim I). Filing No. 235 at 1–3. Second, trial counsel failed to present an argument based on *Collins* that the search of Johnson's car violated the Fourth Amendment because the car was located within the curtilage of the home during the search and fell outside the scope of the warrant (Claim II). *Id.* at 3–6; *see Collins v. Virginia*, 584 U.S. 586 (2018). Third, trial counsel failed to properly object to admission of the Texas Conviction at trial (Claim III). *Id.* at 6–9.

## LEGAL STANDARD

28 U.S.C. § 2255(a) allows "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255

---

[2] *United States v. Morales*, 987 F.3d 966, 974, 807 (11th Cir. 2021).

is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

## DISCUSSION

It does not "plainly appear[] from the motion, any attached exhibits, and the record of prior proceedings that" Johnson "is not entitled to relief" on Claim I. It "plainly appears" Johnson "is not entitled to relief" on Claim II and Claim III.

### A. Johnson's claims are timely and cognizable under § 2255.

Johnson's § 2255 motion is timely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. 28 U.S.C. § 2255(f); *Johnson v. United States*, 544 U.S. 295, 299 (2005). Relevant here, the clock begins to run on the statute of limitation on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Specifically, a judgment becomes final when "a petition for certiorari finally denied." *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982). Here, the Supreme Court denied Johnson's petition for certiorari on December 11, 2023, and

3

Johnson filed his motion on November 12, 2024. Therefore, Johnson filed his petition before the one-year AEDPA deadline.

Johnson's claims are cognizable on a § 2255 motion. A claim of ineffective assistance of counsel is grounded in the Sixth Amendment right to counsel and is, therefore, cognizable on collateral review. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Adejumo v. United States*, 908 F.3d 357, 360–61 (8th Cir. 2018). Indeed, ineffective assistance claims are "best addressed in postconviction proceedings under 28 U.S.C. § 2255." *United States v. Jones*, 586 F.3d 573, 576 (8th Cir. 2009). Here, Johnson only raises ineffective assistance of counsel claims that squarely belong in collateral proceedings under § 2255.

**B. Claim I survives initial review.**

Johnson's claims are governed by the *Strickland v. Washington* standard, which requires showing: (1) trial counsel's "performance was unreasonably deficient, and (2) [Johnson] suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citing *Strickland*, 466 U.S. 668).

**1. Claim I**

Claim I of Johnson's petition, that trial counsel's failure to raise a positional isomer overbreadth objection to the Texas Conviction was unreasonable and prejudicial, is not conclusively without merit. Quite the opposite, the allegations are troubling and cast doubt on the legality of the Court's sentence. *See Johnson*, 70 F.4th at 1125 (Smith J., dissenting in part) ("I believe refusing to correct plain legal error that unlawfully lengthened

4

Johnson's incarceration threatens to seriously undermine the fairness, integrity, and public reputation of judicial proceedings.").

First, there is sufficient indicia of unreasonable performance to survive initial review. "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014). Here, Johnson was convicted under a Texas statute that criminalized the possession cocaine, defined to include "its salts, its optical, position, and geometric isomers, and the salts of those isomers." *See Johnson*, 70 F.4th at 1122; Tex. Health & Safety Code Ann. § 481.112 (statute of conviction); *id*. § 481.102(3)(D)(i) (definition of cocaine under Texas law). *Oliver*, issued a year before sentencing, held that such state convictions are not "serious drug felon[ies]" for the purpose of the 21 U.S.C. § 841(b)(1)(B) sentencing enhancement because they rely on a broader definition of cocaine than federal law. *United States v. Oliver*, 987 F.3d 794, 807 (8th Cir. 2021). Applying *Oliver*, the Texas Conviction would not have triggered the sentencing enhancement. Johnson's allegations that trial counsel failed to identify on-point circuit authority that would have excluded his prior conviction, even after the key case was cited in the government's briefing, raise sufficient inferences of unreasonable performance to move forward to an evidentiary hearing.

Second, the record does not conclusively establish that Johnson was not prejudiced by counsel's failure to raise an *Oliver* objection to the Texas Conviction. A petitioner may show prejudice by showing "a reasonable probability the defendant would have received a lighter sentence but for the error." *United States v. Maxwell*, 664 F.3d

240, 246 (8th Cir. 2011). For example, in *Glover*, the Supreme Court held the petitioner demonstrated prejudice by showing counsel's legal error increased his sentence by 6 to 21 months. *Glover v. United States*, 531 U.S. 198, 204 (2001). Here, had Johnson's counsel raised the argument, Johnson would have faced a shorter sentence. Specifically, the application of the enhancement under 21 U.S.C. § 841(b)(1)(B) subjected Johnson to a ten-year mandatory minimum that exceeded the top of his guideline range. The government confessed error at the Eighth Circuit, agreed the application of the enhancement was incorrect, and stated "it would be unable to counter Johnson's argument, should one be made, that the error [affected] his substantial rights; the error extended the sentence imposed by at least 5 months." *Johnson*, 70 F.4th at 1125 (Smith, J., concurring in part and dissenting in part). Trial counsel's failure to raise an *Oliver* claim resulted in the erroneous application of an enhanced mandatory minimum and waiver of a winning argument. *Id.* at 1122 (majority op.). Therefore, Johnson's allegations establish sufficient indicia of prejudice to move past initial review.

### 2. Claim II

Claim II of Johnson's petition is conclusively meritless because it shows, at best, disagreement with a strategic choice made by trial counsel.

Johnson claims trial counsel should have argued the search of his vehicle was illegal under *Collins*, which held that the automobile exception[3] does not permit police to enter the curtilage of home to perform a search of a vehicle, at the suppression hearing. 584 U.S. at 588. "Judicial scrutiny of counsel's performance is highly deferential,

---

[3] The automobile exception allows for a warrantless search of a vehicle when there is "probable cause to believe the vehicle contains contraband or other evidence of a crime." *United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005).

indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citations omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" unless the "strategic choices 'result[ed] from lack of diligence in preparation and investigation.'" *Id.* at 864 (quoting *Strickland*, 466 U.S. at 690 and *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991)). Here, Johnson discussed the application of *Collins* to his motion to suppress on multiple occasions and trial counsel declined to present the argument because "in his professional opinion the argument would be fruitless." Filing No. 236 at 2. Specifically, trial counsel did not believe the facts supported an argument that the car was located the curtilage of the home when searched. *Id.* Moreover, trial counsel made this determination after reviewing discovery and hearing testimony at the suppression hearing. *Id.* Johnson does not allege trial counsel was unaware of *Collins* or was ignorant of the factual basis for the argument, only that Johnson's reading of the case's applicability differed from counsel. These facts show Johnson's counsel: (1) was aware of *Collins*, (2) considered the application of *Collins* to the search of the car in the driveway, and (3) concluded the argument was not worth pursuing as a matter of strategy. His decision not to raise the argument is, therefore, "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Nor is it obvious that trial counsel made the wrong strategic choice. *Collins* did not set a categorical rule that a driveway to the home is curtilage and courts applying *Collins* have applied the automobile exception to vehicles located in driveways. *See Collins*, 584 U.S. at 592–93, 600–01 (defining curtilage with reference to "an area intimately linked to the home, both physically and psychologically, where privacy expectations are most

heightened" and rejecting a bright-line rule); *United States v. Dunn*, 480 U.S. 294, 301 (1987) (establishing a multi-factor balancing test to decide whether a given area is curtilage); *United States v. Coleman*, 909 F.3d 925, 931 (8th Cir. 2018) (collecting driveway cases and distinguishing *Collins*); *United States v. Coleman*, 923 F.3d 450, 456–57 (6th Cir. 2019) (same). Indeed, *Collins* specifically distinguished cases, comparable to Johnson's, in which officers first encountered a car on public streets and followed it into a driveway to perform a search. *Collins*, 584 U.S. at 598–99. Johnson does not provide a basis to question counsel's strategic judgment about such fact bound matter and doing so risks "second-guess[ing] counsel's assistance after conviction or adverse sentence" with the benefit of hindsight. *Strickland*, 466 U.S. at 689.

Claim II is subject to summary dismissal because Johnson's petition provides no basis to conclude that trial counsel's strategy decision to not raise a *Collins* issue at the suppression hearing was "outside the wide range of professionally competent assistance." *Id.* at 690.

### 3. Claim III

Claim III of Johnson's petition is conclusively meritless because, in context, trial counsel's objection to the Texas Conviction was not "outside the wide range of professionally competent assistance." *Id.* at 690.

Johnson takes issue with counsel's failure to fully explain the basis for a 404(b) objection to the Texas Conviction.[4]  Specifically, he argues that his theory of defense related to drug quantity and the introduction of the Texas Conviction invited the jury to engage in propensity reasoning. While trial counsel objected at trial, he "never

---

[4] Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

considered filing a written objection" and "never informed the Court why the records did not meet the Rule 404(b) standards." Filing No. 235 at 6–7.

As discussed *supra* Section B.1, trial counsel may have been ineffective in failing to challenge the applicability of the 21 U.S.C. § 841(b)(1)(B) sentencing enhancement. Therefore, to the extent that decision created guilt-phase prejudice based on the disclosure of the Texas Conviction to the jury, Johnson is welcome to raise that argument in connection with Claim I.

However, counsel was not separately ineffective based on the grounds asserted in Count III because Johnson's allegations do not demonstrate unreasonable performance. Specifically, unreasonable performance is assessed "from counsel's perspective at the time" of the challenged action. *Strickland*, 466 U.S. at 689. Here, at the time the Texas Conviction was offered to the jury, the Court had already determined (erroneously in hindsight) that it qualified as a serious drug felony for the purpose of the sentencing enhancement. *See* Filing No. 169. Moreover, whether the sentencing enhancement applied was a question for the jury. Filing No. 182 (jury verdict finding Johnson "committed the offense after having been convicted of a serious drug felony for which the Defendant served more than 12 months imprisonment"); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (application of sentencing enhancement that increased the mandatory minimum sentence a jury issue). When the fact of a prior conviction is an element submitted to the jury "neither Rule 404(b) nor Rule 403 can bar its admission." *Old Chief v. United States*, 519 U.S. 172, 196 (1997); Filing No. 217 at 18 (the Court overruling trial counsel's relevance objection because the prior conviction was an element of the sentencing enhancement submitted to the jury). Under these circumstances, trial

counsel's alleged failure to object more strenuously or offer a more detailed argument under Rule 404(b) was not unreasonably deficient.

## CONCLUSION

The Court does not resolve whether Johnson received ineffective assistance of counsel and what relief, if any, he is entitled to under § 2255.  However, Johnson is entitled to a response from the Government.  On receipt of the Government's answer, the Court will determine whether discovery and/or an evidentiary hearing is required.  *See* Rules 6 & 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Moreover, the Court concludes that appointment of counsel will aid Johnson, the Court, and opposing counsel in resolving this claim.  *See* 18 U.S.C. § 3006A(2)(B) (permitting the Court to appoint counsel in a 2255 action as the "interests of justice so require").

Therefore, IT IS ORDERED:

1. On initial review, the Court finds that summary dismissal of Claim I is not appropriate.

2. Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, is denied as to Claim II and Claim III.

3. The United States shall file an answer to Defendant's Section 2255 motion within 30 days of the date of this Order.

4. The Federal Public Defender for the District of Nebraska is appointed to represent Johnson in this matter.  If the Federal Public Defender accepts this appointment, the Federal Public Defender shall forthwith file an appearance in this matter.   In the event the Federal Public Defender should decline this

appointment for reason of conflict or based on the Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

Dated this 24th day of January, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge