IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:19CR87** |
| vs. | |
| ISAAC JOHNSON. | **ORDER** |
| Defendants. | |

This matter is before the Court on Johnson's motion to vacate under 28 U.S.C. § 2255. Filing No. 234.  Johnson alleges trial counsel was infective, resulting in an erroneous application of a sentencing enhancement.  Johnson and the Government agree Johnson received ineffective assistance of counsel but disagree on the remedy. Filing No. 241 (Government); Filing No. 242 (Johnson).  The Court concludes a full resentencing is warranted because the erroneous sentencing enhancement undermined Johnson's entire sentence.  Therefore, Johnson's Motion to Vacate is granted and the Court will hold a new sentencing hearing.

**Background**

Johnson is a federal prisoner who is currently serving a 120-month sentence after the jury convicted him of one count of conspiracy to distribute cocaine. 21 U.S.C. § 846; Filing No. 109.  Prior to trial, the Court concluded Johnson's prior drug conviction under Texas state law (the Texas Conviction) was a "serious drug felony," triggering a ten-year

1

mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).[1] *United States v. Johnson*, No. 8:19CR87, 2021 WL 5087852, at *3 (D. Neb. Nov. 1, 2021).

This was wrong. The statute undergirding the Texas Conviction defined cocaine to include "its salts, its optical, position, and geometric isomers, and the salts of those isomers." Tex. Health & Safety Code Ann. § 481.112 (West) (statute of conviction); *id*. § 481.102(3)(D)(i) (definition of cocaine under Texas law). The year before, the Eighth Circuit held that this definition of cocaine is categorically broader than the federal definition. *United States v. Oliver*, 987 F.3d 794, 807 (8th Cir. 2021). Practically, this means convictions under those state laws are not serious drug felonies and do not trigger the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B). All parties agree, under *Oliver*, the Court should not have applied the 21 U.S.C. § 841(b)(1)(B) enhancement.

Trial counsel did not raise this argument. Trial counsel unsuccessfully attacked the Texas Conviction on other grounds. *Johnson*, 2021 WL 5087852 at *3. So, the Court applied the enhancement and sentenced Johnson to the statutory minimum of 120 months in prison. Filing No. 218 at 11.

A divided panel of the Eighth Circuit affirmed. *United States v. Johnson*, 70 F.4th 1115, 1122 (8th Cir. 2023). The majority held, in relevant part, Johnson waived his challenge to the sentencing enhancement by failing to raise an *Oliver* objection to the Court. *Id.* Judge Smith dissented on this point, arguing the Circuit should vacate Johnson's sentence because Court's application of the sentencing enhancement was

---

[1] Providing a person convicted of federal controlled substance offenses "after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."

plain error that affected Johnson's substantial rights. *Id.* at 1124–25 (Smith J., dissenting in part).

Back in the district court, Johnson moved for post-conviction relief under 28 U.S.C. § 2255(a). The Court concluded Johnson's ineffective assistance of counsel claim related to the 21 U.S.C. § 841(b)(1)(B) enhancement survived initial review, appointed counsel for Johnson, and ordered the Government to respond. *United States v. Johnson*, No. 8:19CR87, 2025 WL 289214, at *1, *5 (D. Neb. Jan. 24, 2025). On the merits, the Government concedes Johnson received ineffective assistance of counsel and is entitled to relief under 28 U.S.C. § 2255. Filing No. 241 at 14. On remedy, the Governments argues the Court should correct Johnson's sentence. *Id.* at 16. Johnson (obviously) agrees with the Government on the merits but argues full resentencing is the appropriate remedy. Filing No. 242.

## Legal Standard

28 U.S.C. § 2255(a) allows "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). A Court may resolve a § 2255 without an evidentiary hearing if "the record either conclusively resolves all material factual disputes against the government or raises no disputed questions of fact that are

material to" the outcome of the motion. *Rogers v. United States*, 949 F. Supp. 2d 879, 885 (N.D. Iowa 2013).

Johnson claims trial counsel was ineffective. The Court assess this claim under the *Strickland v. Washington* standard, which requires Johnson show: (1) trial counsel's "performance was unreasonably deficient, and (2) [Johnson] suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

If Johnson's succeeds on the merits, 28 U.S.C. § 2255 specifically permits the Court to "resentence" or "correct the sentence" "as may appear appropriate." The Court has "broad and flexible power in correcting invalid convictions or sentences." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997).

**Discussion**

Johnson received ineffective assistance of counsel and must be resentenced.

### A. Merits

The Government concedes Johnson received ineffective assistance of counsel. The Court agrees.

The Court resolves Johnson's claims on the merits. Johnson's petition is timely because he filed it within a year of the Supreme Court denying his petition for certiorari. *See United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982). His claim is cognizable in habeas because ineffective assistance of counsel is "best addressed in postconviction proceedings under 28 U.S.C. § 2255." *United States v. Jones*, 586 F.3d 573, 576 (8th Cir. 2009).

The record establishes, and the Government concedes, trial counsel's performance was unreasonably deficient. "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014). Here, trial counsel recognized the serious drug felony issue but did not identify *Oliver*, which was available, on point, and conclusively established the Texas Conviction was not a serious drug felony. Under these circumstances, trial counsel provided unreasonably deficient representation to Johnson.

Johnson was prejudiced. Johnson may show prejudice by showing "a reasonable probability [he] would have received a lighter sentence but for the error." *United States v. Maxwell*, 664 F.3d 240, 246 (8th Cir. 2011). Here, the Government concedes, as they must, that Johnson was prejudiced by trial counsel's failure to raise an *Oliver* objection. Specifically, the application of the serious drug felony enhancement subjected Johnson to a ten-year mandatory minimum that exceeded the top of his guideline range by five months. Thus, Johnson was prejudiced because he "would have received a lighter sentence but for the error." *Maxwell*, 664 F.3d at 246.

To summarize: trial counsel did not identify circuit precedent that foreclosed application of a serious drug felony sentencing enhancement, subjecting Johnson to a mandatory minimum above his sentencing guidelines range. Johnson established the merits of his ineffective assistance of counsel claim and is entitled to relief under 28 U.S.C. § 2255.

**B. Remedy**

Resentencing—not correcting Johnson's sentence—is the appropriate relief under 28 U.S.C. § 2255.

28 U.S.C. § 2255 allows the Court to "resentence" or "correct a sentence." The scope of the remedies differs.  "[R]esentencing is 'open-ended and discretionary' and akin to 'beginning the sentencing process anew.'" *United States v. Augustin*, 16 F.4th 227, 232 (6th Cir. 2021) (quoting *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019). In resentencing, the Court "conduct[s] a sentencing hearing with all the necessary components" and "revaluate[s] . . . the appropriateness of the defendant's original sentence." *Id.* (quoting *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019)). By contrast, a sentence correction is a "arithmetical, technical, or mechanical" change that excises the unlawful part of the sentence without reevaluating "'the appropriateness of the defendant's original sentence" or holding a formal sentencing hearing. *Id.* (quoting *Flack*, 941 F.3d at 241). While the Court has broad discretion in fashioning the right remedy, "the facts may dictate that one is more appropriate." *Id.*

Here, resentencing is more appropriate.  Resentencing is the appropriate remedy if the error at original sentencing "undermines the sentence as a whole" or calls on the Court to "exercise significant discretion 'in ways it was not called upon to do at the initial sentencing.'" *Id.* (quoting *Thomason*, 940 F.3d at 1172).  The Eleventh Circuit's decision in *United States v. Brown* is instructive.  *United States v. Brown*, 879 F.3d 1231, 1239 (11th Cir. 2018).  There, the trial court granted a 2255 petition because the "the original sentencing court imposed a mandatory minimum sentence that no longer applies" but rather than resentencing, the district court corrected the sentence.  879 F.3d at 1239.  The

6

Eleventh Circuit reversed, holding resentencing was required because defendant's "only count of conviction was found to be in error, Mr. Brown's entire sentence was necessarily undermined, and the District Court was tasked with crafting an entirely new sentence" without the mandatory minimum. *Id.* at 1240. Same here. Johnson was convicted under a one count indictment and the Court sentenced him at the mandatory minimum. Bound by the mandatory minimum, the Court did not have the opportunity to consider the statutory sentencing factors or exercise its discretion. The Court's explanation at sentencing confirms this. Filing No. 218 at 11 ("So Mr. Johnson, I'm going to give you the statutory minimum which is the least I can sentence you to under the law, and that's ten years."). Now, on collateral review, the Court vacated the enhancement that formed the entire basis for the original sentence. So, this is a case where the erroneous sentence enhancement "undermines the sentence as a whole," the Court is newly free to exercise its discretion, and resentencing is required. *Brown*, 879 F.3d at 1239.

The Government's arguments to the contrary are premature. It argues the facts of this case (including the quantity of drugs involved and pattern of distribution) require a sentence at the high end of the guideline range. Filing No. 241 at 17. So, it argues, the Court can just subtract the difference between the top end of the guidelines and the sentenced imposed. Not so. The Court is addressing the merits for the first time, unclouded by the mandatory minimum. To provide Johnson the protections provided by statute and the Constitution, the Court will consider the Government's arguments at the sentencing hearing.

To summarize: the error here undermined Johnson's whole sentence, so the Court must hold a new sentencing hearing, hear arguments from the parties, and fashion a new sentence.

### Conclusion

Johnson received ineffective assistance of counsel, and the Court was bound by an erroneous mandatory minimum at sentencing.   Such an error "undermines the sentence as a whole" and the Court must start from scratch and determine the right sentence.

THEREFORE, IT IS ORDERED:

1.  Johnson's Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 234) is granted. Johnson's sentence is vacated.

2.  The Court will enter a separate scheduling order for resentencing proceedings.

Dated this 19th day of March, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge