IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:19CR87** |
| vs. | |
| | **ORDER** |
| ISAAC JOHNSON, | |
| Defendant. | |

The Eighth Circuit Court of Appeals has remanded this case and instructed the Court to consider whether to issue a certificate of appealability as to Counts II and III raised in Defendant's motion under 28 U.S.C. § 2255. Filing No. 262.

The Court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432, (1991) (per curiam)).

The Court summarily dismissed Defendant's second and third claims made in his § 2255 motion: respectively, ineffective assistance of counsel for failure to argue the search of his vehicle was illegal under *Collins v. Virginia*, 584 U.S. 586 (2018), which held the automobile exception does not permit police to enter the curtilage of a home and ineffective assistance of counsel to fully explain the basis for an objection under Fed. R. Evid. § 404(b) to his prior Texas conviction.

1

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" unless the "strategic choices 'result[ed] from lack of diligence in preparation and investigation.'" *Armstrong v. Kemna*, 534 F.3d 857, 864 (8th Cir. 2008) (citations omitted).

As to Count II, as explained in greater detail in the Court's summary dismissal order, Filing No. 237 at 7–8, Defendant's counsel was aware of the *Collins* case and considered its applicability to Defendant's case, but determined it was not worth pursuing as a matter of strategy. Given this, it is not debatable that counsel's performance fell within the wide range of acceptable performance. Defendant is not entitled to a certificate of appealability on this issue.

As to Count III, Defendant's counsel's strategic choice to object to the prior Texas conviction in the manner he did at trial did not fall outside the wide range of acceptable performance. Counsel did object at trial, but Defendant takes issue with his failing to file a written objection and failing to provide more rigorous argument about the standard under Fed. R. Evid. 404(b). Given that counsel did raise the objection, it is not debatable that his strategic choice to address the objection in a specific manner could not amount to deficient performance. Furthermore, Defendant was permitted to fully explore his argument that counsel should have challenged the applicability of the sentencing enhancement itself, a related argument the Court did find meritorious. Given these facts, Defendant is not entitled to a certificate of appealability on this issue.

IT IS ORDERED:

1) No certificate of appealability will issue as to Count II or Count II of Defendant's motion under 28 U.S.C. § 2255.

2) The Clerk of the Court is directed to send a copy of this order to the Eighth

Circuit Court of Appeals and to Defendant at his last known address.

Dated this 19th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge